UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                          AT BOWLING GREEN
                    CIVIL ACTION NO. 1:13CV-160-M

SHAUN D. SHANNON                                                    PLAINTIFF

v.

RYAN VONNAHME                                                       DEFENDANT

                           **MEMORANDUM OPINION**

　　　　Plaintiff Shaun D. Shannon filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees. However, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because a review of the complaint reveals that this Court lacks subject-matter jurisdiction, the Court will dismiss the action.

                           **I. SUMMARY OF CLAIMS**

　　　　Plaintiff sues Defendant Ryan Vonnahme, whom he identifies as a "General Dentist," on the basis of "Negligence, Medical Malpractice, Breach of Contract, Personal injury, Medical expenses (past & future), Mental & Emotional Distress, [and] Pain & Suffering . . . ." Plaintiff states, "Defendant started a procedure of drilling the Plaintiff's teeth. The defendant stopped in the middle of said procedure, and did not finish." Plaintiff avers that Defendant stopped the dental treatment because Plaintiff's dental insurance company decided the treatment was not necessary. Plaintiff states that Defendant "left the procedure unfinished and Plaintiff became orally infected and has had oral complications up until this date."

## II. ANALYSIS

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

*Federal question jurisdiction*

In the present case, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has not stated that he was deprived of any federal statutory or constitutional right. Plaintiff's complaint is devoid of any factual allegations that would establish any federal cause of action against Defendant. His negligence, malpractice, breach-of-contract, and other claims are state-law, not federal, claims. For these reasons, Plaintiff fails to demonstrate jurisdiction under 28 U.S.C. § 1331.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. The complaint and summons tendered by Plaintiff indicate that both he and Defendant are citizens of Kentucky. Plaintiff therefore fails to establish diversity jurisdiction.

### III. CONCLUSION

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date: December 4, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4414.010